## Sechrist License

*Leon P. Haller* of *Davis, Katz, Buzgon & Davis,* for appellant.

*Anthony J. Maiorana,* for Department of Transportation.

GATES, P. J., April 5, 1973.—Petitioner was convicted of operating his truck 79 miles per hour in a 55 mile per hour speed zone. Then, on March 9, 1972, he paid the requisite fine and cost. The conviction was duly reported to the Department of Transportation by the district justice. On June 19, 1972, petitioner was notified to report to driver education classes commencing on July 11, 1972. He successfully completed the course and was credited with one point in accordance with section 619.1(f) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §619.1. His point record stands at five points.

However, under section 619.1(b) a 30 day suspension in addition to the assessment of points is mandated inasmuch as his speed was 24 miles per hour in excess of the posted speed limit.

On August 21, 1972, petitioner was properly notified of all these things on a form sent to him by the Department of Transportation and notifying him that his suspension was effective September 25, 1972.

On or about September 18, 1972, petitioner wrote a letter requesting a departmental hearing which was granted and his operating privileges were restored effective September 27, 1972. At the hearing, petitioner testifed that he sent his driver's license with the letter on September 18, 1972. However, the records in the Department of Transportation do not support this fact.

A departmental hearing was held on December 26, 1972. Thereafter, on February 5, 1973, petitioner was again notified of his mandatory 30 day suspension effective March 12, 1973.

Petitioner now claims that he was without his operator's license for a period of 12 days from September 18 to September 30, 1972, and, therefore, the bureau's order of February 5, 1973, suspending operating license is what he characterizes as "another thirty (30) day period is unreasonable and unlawful." Thus, this suspension appeal.

There is no merit to petitioner's claim. Petitioner equates nonpossession of his operator's license from September 18th to September 30th as partial compliance with the suspension order. Even if we were to find this to be the fact, which we do not, there would still be no merit to his contention.

The original suspension notice of August 21, 1972, fixed September 25, 1972, as the effective date of the suspension. With or without an operator's license card his suspension legally did not commence until that date. Even if he did return his operator's card, as he claims, seven days before the effective date of the suspension, he would still be entitled to operate a

motor vehicle up until the effective date of the suspension.

We have little doubt that if this petitioner was apprehended and charged with operating during suspension on any day between September 18th and September 24th he would vigorously defend on the ground that his suspension was not effective until September 25th. And the point would be well taken. Suppose further that he did not send in his operator's license until September 29th and he was apprehended and charged with operating during suspension on any day between September 25th and September 28th. The fact that he was in possession of his operator's license would be no defense. Perhaps we have taken the long route to arrive at an obvious matter of law. The period of suspension has nothing whatever to do with the possession or nonpossession of an operator's license card.

This may seem harsh to some but any other conclusion would render the system unworkable. The Assistant Attorney General at the hearing advised us that when this does occur it is the policy of the Department of Transportation to note the receipt of the license on the department's copy of the notice of withdrawal of motor vehicle privileges. They then compute the suspension period based upon the date of the receipt of the operator's license. Since the records do not disclose the receipt of petitioner's operating license, their effective date of suspension was September 25, 1972. Their records disclosed that no suspension period was served by petitioner. Therefore, we can only conclude that the notice of withdrawal of motor vehicle privileges dated February 5, 1973, making the new effective date of suspension March 12, 1973, was neither unreasonable nor unlawful. Consequently, there is no merit in this appeal.

## ORDER

And now, to wit, April 5, 1973, the petition is dismissed and the Secretary of the Department of Transportation is directed to notify petitioner of the effective date of his suspension within 30 days from this date.